IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MICAH ANGEL                                                                                      PLAINTIFF

v.                                      Case No. 3:23-cv-148-JM

US MARSHALLS SERVICE                                                                DEFENDANT

**ORDER**

Plaintiff Micah Angel's motion to proceed *in forma pauperis* is granted. (Doc. 1). *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*) (complaint can be filed if plaintiff qualifies by economic status under 28 U.S.C. § 1915(a)). She reports little income. The law requires that I screen her Complaint. 28 U.S.C. § 1915(e)(2).

A pro se plaintiff must set forth enough factual allegations to "nudge [ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). Further, while this Court must review *pro se* complaints liberally, Angel must at the very least allege some facts supporting a claim that can be heard by this Court. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Angel has not met this burden.

Angel, who is not incarcerated, sues the United States Marshal Service. Her argument, in its entirety, states:

> They are making me stand in certain places because I'm a woman. They let me walk right in with no certain directions given to them. Jamanow used to be a drug dealer and tries to buy prostitutes and can't even speak properly. He says "withca."

(Doc. 2 at 3). An action is frivolous if its allegations are "fanciful . . . fantastic or delusional," its "factual contentions are clearly baseless," or it is "based on an indisputably meritless legal theory." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Nietzke v. Williams*, 490 U.S. 319, 327-29 (1989). A "finding of frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. Angel's allegations are completely conclusory and fail to assert a federal claim. Accordingly, her complaint will be dismissed without prejudice. The Court certifies that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is Angel's twenty-seventh case filed before this court. In dismissing fourteen of these cases in January 2023 as frivolous, the Honorable Billy Roy Wilson warned that continued frivolous filings could result in Angel being added to the Court's restricted filer list, requiring that she pay a filing fee before initiating any more cases in the Eastern District of Arkansas. *See Angel v. Craighead County Sheriff's Office*, No. 3:22-cv-344-BRW (E.D. Ark.) (Doc. 5 at 1, n.3). Despite this warning, Angel has since filed four new cases, including this one. Accordingly, the Court directs the Clerk of Court to place Angel on the restricted filer list because she has become a serial vexatious litigant. *Fredin v. Middlecamp*, 855 F. App'x 314 (8th Cir. 2021).

IT IS SO ORDERED this 27th day of June, 2023.

_____
UNITED STATES DISTRICT JUDGE